UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

JOSE M. OTERO,

          Plaintiff,

        -against-

RAFAEL MUNOZ, NYCPD Shield 5948; ISRAEL ADARNO, NYCPD Shield 1139 & JOHN DOES, New York City Police Department - 23rd Precinct,

          Defendants.

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 6/17/09

09 Civ. 0959 (RMB) (AJP)

**REPORT AND RECOMMENDATION**

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Richard M. Berman, United States District Judge:**

      Plaintiff's complaint in this action was filed as of February 4, 2009. (Dkt. No. 2: Compl.)

      Rule 4(m) of the Federal Rules of Civil Procedure provides:

      <u>Time Limit for Service</u>. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

      By Order dated February 26, 2009, I advised plaintiff that if the complaint was not properly served under Rule 4(m), that is, by June 4, 2009, I would recommend that the action be dismissed. (Dkt. No. 4.) I also directed plaintiff to provide my chambers with proof of service when made. (<u>Id</u>.)

H:\OPIN\

Plaintiff has not provided my chambers with proof of service on defendants, and a review of the Court's docket sheet for this action discloses that there is no affidavit of service on file with the Clerk's Office. The Marshal's Office has advised my chambers that they have not received any request from plaintiff to serve defendants.

More than 120 days having passed from the filing of the complaint, and the Court having advised plaintiff of his obligations under Fed. R. Civ. P. 4(m), and plaintiff's extension of the time to serve having expired with no action by plaintiff, and there being no indication that plaintiff has had the complaint served on defendants, I recommend that the Court dismiss plaintiff's complaint without prejudice for failure to timely serve it pursuant to Fed. R. Civ. P. 4(m). See, e.g., Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard M. Berman, 500 Pearl Street, Room 650, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Berman (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86

H:\OPIN\

(1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated:   New York, New York
         June 17, 2009

Respectfully submitted,

**Andrew J. Peck**
United States Magistrate Judge

Copies to:   Jose M. Otero
             Judge Richard M. Berman

H:\OPIN\