UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  7/7/09
```

-----------------------------------------------------------X

JOSE M. OTERO,

                        Plaintiff,

      - against -

RAFAEL MUNOZ, NYCPD Shield 5948; ISRAEL
ADARNO, NYCPD Shield 1139; & JOHN DOES,
New York City Police Department – 23rd Precinct

                     Defendants.

-----------------------------------------------------------X

09 CV 959 (RMB) (AJP)

**DECISION & ORDER**

## I.    Background

On or about February 4, 2009, Jose M. Otero ("Plaintiff" or "Otero"), proceeding pro se,

filed a complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against Rafael Munoz, NYCPD

Shield 5948; Israel Adarno, NYCPD Shield 1139; and certain John Does (collectively,

"Defendants"), alleging, among other things, that following Plaintiff's arrest on or about July 31,

2006, "Defendants Munoz and Adarno acted as accomplices with John Doe[s] in assaulting and

[b]attering Plaintiff" in violation of Plaintiff's rights under the Eighth and Fourteenth

Amendments to the United States Constitution. (Compl. ¶¶ 11, 14; see also id. ¶¶ 1, 5, 12.)

Plaintiff seeks, among other things, $500,000.00 in compensatory damages. (Id. at 4.)

On or about February 26, 2009, United States Magistrate Judge Andrew J. Peck, to whom

the matter had been referred, issued an order directing Plaintiff "to have the summons and

[C]omplaint promptly served on all [D]efendants" by June 4, 2009, or 120 days from filing of the

Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

(Order, dated Feb. 26, 2009, at 1–2 (emphasis omitted).)  Judge Peck notified Plaintiff that his

failure to properly serve Defendants by June 4, 2009 would result in a "recommend[ation] to [this Court] that the action be dismissed." (Id. at 2.)

On or about June 17, 2009, Judge Peck sua sponte issued a report and recommendation ("Report"), recommending that the Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) because, among other reasons, "[m]ore than 120 days [have] passed from the filing of the [C]omplaint" and "there [is] no indication that [P]laintiff has had the [C]omplaint served on [D]efendants." (Report at 2.)

Although, pursuant to Fed. R. Civ. P. 72(b)(2), "the parties shall have ten (10) days from service of [the] Report to file written objections," (Report at 2), to date, neither party has submitted objections.

**For the reasons set forth below, the Court adopts the Report in its entirety and the above-captioned matter is dismissed without prejudice.**

## II.     Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

"[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

2

### III.    Analysis

A review of the Report shows that Judge Peck's recommendations are neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(b).

Judge Peck properly concluded that because more than 120 days had passed from the filing of the Complaint, the Court should dismiss Plaintiff's Complaint without prejudice for failure to timely serve it pursuant to Fed. R. Civ. P. 4(m). (Report at 2); see Fed. R. Civ. P. 4(m); Sinclair v. City of New York, No. 03 Civ. 6694, 2009 U.S. Dist. LEXIS 28094, at *2 (S.D.N.Y. Apr. 2, 2009).

### IV.    Conclusion & Order

For the reasons set forth in the Report and herein, the Court adopts the Report in its entirety. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
July 7, 2009

RMB

**RICHARD M. BERMAN, U.S.D.J.**